**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-333-RJC-DCK**

| | |
|---|---|
| DONNA JOY WALDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 12) and Defendant's "Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

### I. BACKGROUND

Plaintiff Donna Joy Walden ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On January 11, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, alleging an inability to work due to a disabling condition beginning June 15, 2007. (Transcript of the Record of Proceedings ("Tr.") 17). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on January 11, 2009, and

again after reconsideration on July 7, 2009. (Tr. 17, 60, 71). The Social Security Administration's ("SSA") "Notice Of Reconsideration" included the following explanation:

> On your application you stated that you are disabled because of sarcoidosis, rheumatoid arthritis, and chronic fatigue. The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. Based on the description of the job performed as a front house manager, we have concluded that you have the functional capacity to meet the functional demands of this type of work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 71).

Plaintiff filed a timely written request for a hearing on July 17, 2009. (Tr. 17, 79). On July 8, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Richard L. Leopold ("ALJ"). (Tr. 17, 29-50). According to the ALJ's decision, Plaintiff is/was represented by Lynne Sizemore, claimant's non-attorney representative; however, the transcript identifies Elizabeth Osborn as Plaintiff's non-attorney representative at the hearing. (Tr. 17, 29, 31). In addition, Kathryn H. Mooney, an impartial vocational expert ("VE"), appeared and testified at the hearing. (Tr. 17, 29-50).

The ALJ issued an unfavorable decision on October 13, 2010, denying Plaintiff's claim. (Tr. 14-24). Plaintiff filed a request for review of the ALJ's decision on November 12, 2010, which was denied by the Appeals Council on March 26, 2012. (Tr. 1-3, 11-13). The October 13, 2010 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 25, 2012. (Document No. 1). On May 30, 2012, the undersigned was assigned to

this case as the referral magistrate judge. Plaintiff's "Motion For Summary Judgment" (Document No. 12) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 13), were filed October 15, 2012; and Defendant's "Motion For Summary Judgment" (Document No. 14) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 15), were filed October 25, 2012. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d

597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 15, 2007, and the date of his decision.[1] (Tr. 17). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from June 15, 2007, through the date of his decision, October 13, 2010. (Tr. 23-24).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 22-23).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since June 15, 2007, her alleged disability onset date. (Tr. 19). Plaintiff unsuccessfully attempted to work after the alleged disability onset date. (Tr. 19). At the second step, the ALJ found that sarcoidosis and chronic fatigue syndrome, were severe impairments. (Tr. 19).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 19).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with limitations:

> The claimant has the ability to lift and carry up to 20 pounds occasionally and 10 pounds frequently, as well as sit, stand and walk 6 hours in an 8-hour workday. The claimant would be limited to frequent climbing, balancing, stooping, kneeling, crouching, crawling, handling, and fingering.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

(Tr. 20, 23). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id. The ALJ further opined that he "also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Tr. 20).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a manager/food service and assistant manager. (Tr. 22). The ALJ noted that Plaintiff was 33 years old, which is defined as a younger individual, and has at least a high school education. (Tr. 22).

At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 22-23). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included library assistant and storage facility rental clerk. (Tr. 23, 47). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 15, 2007, and the date of his decision, October 13, 2010. (Tr. 23-24).

Plaintiff on appeal to this Court contends that the ALJ erred in his assessment of: (1) Plaintiff's RFC; (2) the impact of Plaintiff's obesity on her ability to work; and (3) Plaintiff's subjective complaints. (Document No. 13). The undersigned will discuss each of these contentions in turn.

    **A.**    **RFC**

In her first assignment of error, Plaintiff argues that the ALJ failed to comply with SSR 96-8p in assessing Plaintiff's RFC. (Document No. 13, p.10). Specifically, Plaintiff asserts the ALJ failed to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts." (Document No. 13, p.11). Plaintiff further argues that the ALJ's decision lacks a function-by-function analysis of Plaintiff's RFC, and that the ALJ failed to include the effects and limitations of sarcoidosis in the RFC finding. (Document No. 13, pp.11-12).

In response, Defendant asserts that consistent with the requirements of SSR 96-8p, "the ALJ set forth the amount of weight Plaintiff could carry and lift, and how long she could sit, stand, and walk." (Document No. 15, p.4). The undersigned observes that the ALJ reached more restrictive conclusions about Plaintiff's abilities than the State agency consultant(s), and "gave the claimant the benefit of the doubt and finds that she would be limited to no more than light work activity." (Tr. 22).

Defendant acknowledges that "the ALJ did not note how long Plaintiff could push and pull," but argues: (1) that Plaintiff has failed to demonstrate limitations in those areas; and (2) that the ALJ took into account Dr. Parrish's function-by-function assessment, including a finding that "she had no limitations in her ability to push/pull." (Document No. 15, p.4) (citing Tr. 20, 22, 460).

As to Plaintiff's sarcoidosis, Defendant correctly asserts that the ALJ noted the condition, its diagnosis, and treatment. (Document No. 15, p.5) (citing Tr. 20-21). In particular, the ALJ's decision reports that the "provider indicated that the claimant later reported significant improvement in her sarcoid symptoms." (Tr. 21) (citing Exhibits 3F and 5F). Defendant further argues that the "ALJ addressed Plaintiff's sarcoidosis in evaluating her subjective complaints,

7

noting that the medical evidence failed to support a finding that she was significantly limited in her ability to perform some type of work activity or activities of daily living." (Document No. 15, p.5) (citing Tr. 21-22). Defendant concludes that Plaintiff has failed to demonstrate that she has more severe restrictions to her RFC due to sarcoidosis than what the ALJ found. (Document No. 15, p.5).

Based on the foregoing, the undersigned is not persuaded that the ALJ's evaluation of Plaintiff's RFC, or his consideration of VE testimony, was in error. Contrary to Plaintiff's arguments, the undersigned finds the ALJ's discussion of the RFC finding to be thorough and supported by substantial evidence. See (Tr. 20-22).

**B.      Obesity**

Next, Plaintiff challenges the ALJ's alleged failure to consider the impact of Plaintiff's obesity or to find that her obesity was a severe impairment. (Document No. 13, p.14). Plaintiff concludes that the ALJ erred because he "never even mentions let alone discusses if he found Ms. Walden's obesity caused any physical or mental limitations let alone explain, as he is required to do, how he reached his conclusions thus furthering the error in the RFC discussed above." (Document No. 13, p.15).

Defendant persuasively asserts that Plaintiff "failed to present any evidence that demonstrates that her obesity is a severe impairment." (Document No. 15, p.8). Defendant also notes that "none of her doctors diagnosed her with obesity," and that "Plaintiff also did not allege obesity as a disabling impairment in either her Disability Report – Adult (Tr. 161) or Disability Report – Appeal (Tr. 200, 213), nor did she testify about the condition at the administrative hearing. (Tr. 36, 39-45)." Id. Moreover, "Plaintiff failed to point to any evidence that

8

establishes that obesity significantly limited her physical or mental ability to perform basic work activities." Id.

The undersigned is convinced by Defendant's arguments that Plaintiff has failed to carry her burden of demonstrating that obesity significantly limited her abilities, and that she has failed to demonstrate that the ALJ's decision was not supported by substantial evidence.

C.  **Subjective Complaints**

Finally, Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective complaints without providing any "support for his credibility finding." (Document No. 13, pp.15-22). Plaintiff suggests that the ALJ relied on a "boilerplate credibility assessment." Id. Plaintiff concludes that the ALJ's alleged failures to comply with regulatory requirements, and to "provide some clearly specified evidence supported reasons for his rejection of Plaintiff's testimony," warrants remand of this case. (Document No. 13, pp.18, 22).

Defendant argues, and the undersigned agrees, that the ALJ properly evaluated Plaintiff's subjective complaints. First, the ALJ noted the two-part standard for assessing a claimant's subjective complaints. (Tr. 20). The ALJ then discussed Plaintiff's hearing testimony, including her statements regarding the location of her pain, the effectiveness of her medication, her activities of daily living, and her functional limitations. (Tr. 20).

The undersigned observes that the ALJ's decision specifically notes at one point that he "gives the claimant the benefit of the doubt" and finds her ability to lift and carry to be more restrictive than what the State agency physical medical consultant had assessed. (Tr. 23, 460). The agency medical consultant, Dr. Melvin L. Clayton, opined that Plaintiff could lift 50 pounds occasionally, and 25 pounds frequently. (Tr. 460). However, apparently considering her

subjective complaints, the ALJ determined that Plaintiff could only lift and carry 20 pounds occasionally and 10 pounds frequently. (Tr. 20, 23).

The ALJ also considered the objective evidence in the record. (Tr. 20-22). After considering the objective and subjective evidence in the record, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, however, her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent that they were inconsistent with her RFC for light work. (Tr. 20-21).

In support of that finding, the ALJ noted that the medical evidence failed to support a finding that Plaintiff was significantly limited in her ability to perform some type of work activity or activities of daily living. (Tr. 21-22). The ALJ also noted that while Plaintiff experienced episodes of chest pain, palpitations, shortness of breath, and extreme fatigue, the record established that she reported significant improvement in her symptoms with medication. (Tr. 22). The ALJ further noted that while Plaintiff complained of palpitations, her treatment records demonstrated that she had a normal echocardiogram in 2008, with no evidence of cardiomyopathy. (Tr. 22). "[T]he records indicate that the claimant has reported significant improvement of her symptoms with medications." (Tr. 22). The ALJ added that Plaintiff reported she was able to perform some household chores, prepare simple meals, and walk her dog. (Tr. 22); see also, (Tr. 510) ("patient has notice improvement in her fatigue symptoms since starting on the Zoloft. She reports that she still feels somewhat tired but has more energy to do her physical activities during the day. She is up walking her dog and feeling some better.")

Plaintiff asserts, however, that the ALJ's "conclusory credibility finding violated SSR 96-7p," as the ALJ failed to provide any support for his decision. (Document No. 13, pp.15-17). As

discussed above, though, the ALJ explained the rationale for his negative finding, concluding that Plaintiff's symptoms improved with medication, and she was capable of a range of daily activities. (Tr. 21-22). The ALJ's rationale is permissible, as symptoms that can be controlled with medication are not disabling, and a claimant's daily activities can be seen as inconsistent with her complaints of excruciating pain. See Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986); Johnson v. Barnhart, 434 F.3d 650, 658 (2005).

Here, the ALJ did not simply rely upon the boilerplate language, but instead explained with reference to particular findings in the record why Plaintiff's allegations were not entirely credible. Specifically, the ALJ's negative credibility finding was based on the fact that Plaintiff experienced significant improvement in her symptoms with medication, and her daily activities were inconsistent with her alleged limitations. (Tr. 22). As the credibility determination is wholly within the authority of the ALJ, and the ALJ stated the specific evidence that went into his conclusion, the decision is supported by substantial evidence. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).

## IV. CONCLUSION

In conclusion, Plaintiff asserts *inter alia*, that this case should be remanded to "properly determine and discuss the mental and physical requirements of Ms. Walden's past work, [and to] properly determine [her] ability to perform her past relevant work, [and] properly proceed to Step 5 of the sequential evaluation process as required…." (Document No. 13, p.23).

As noted above, the ALJ determined that Plaintiff was "unable to perform any past relevant work" and then did in fact proceed to step 5 of the evaluation process. At step 5, with the advice of an impartial VE, the ALJ found that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 23).

The ALJ's finding was thus narrower than that of the SSA, which concluded that Plaintiff *could* return to her past relevant work. See (Tr. 1).

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 12) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 14) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 28, 2013

David C. Keesler
United States Magistrate Judge