UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-333-RJC-DCK

| DONNA JOY WALDEN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMISSIONER | ) | |
| OF SOCIAL SECURITY | ) | |
| ADMINISTRATION[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and supporting memorandum, (Doc. Nos. 12; 13), Defendant's Motion for Summary Judgment and supporting memorandum, (Doc. Nos. 14; 15), the Magistrate Judge's Memorandum and Recommendation, ("M&R"), (Doc. No. 16), Plaintiff's Objection to the M&R, (Doc. No. 17), and Defendant's Reply to the Objection, (Doc. No. 18).

**I.     BACKGROUND**

   A.     Procedural Background

Plaintiff filed the present action on May 25, 2012 to appeal Defendant's denial of her social security claim. (Doc. No. 1). Each party filed a Motion for Summary Judgment. (Doc. Nos. 12; 14). On March 28, 2013, the Magistrate Judge recommended granting Defendant's

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin was substituted for Michael J. Astrue as the Defendant in this suit.

Motion for Summary Judgment. (Doc. No. 16). Plaintiff objected to the Magistrate Judge's ruling on three separate grounds. (Doc. No. 17 at 2). In response to Plaintiff's objections, the Defendant rested on the memorandum previously filed with this Court. (Doc. No. 18).

  B. <u>Factual Background</u>

On January 11, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning June 15, 2007. (Doc. No. 10-3 at 17). It was undisputed that the Plaintiff had both sarcoidosis and chronic fatigue syndrome, which impose more than a minimal limitation on Plaintiff's ability to perform basic work functions. (Doc. No. 10-3 at 19). The Commissioner of Social Security denied Plaintiff's initial application on January 11, 2009, and then again after reconsideration on July 7, 2009. (Doc. Nos. 10-3 at 17; 10-5 at 60; 71). The Social Security Administration concluded that Plaintiff's condition was not severe enough to be considered disabling. (Doc. No. 10-5 at 71). On July 17, 2009, Plaintiff filed a request for a hearing to address these findings. (Doc. Nos. 10-3 at 17; 10-5 at 79). On July 8, 2010, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ") who, on October 13, 2010, issued a decision denying Plaintiff's claim. (Doc. No. 10-3 at 17). Plaintiff then appealed to this Court seeking a reversal of the ALJ's determination.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations

to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F. 2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d

3

at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345.  Indeed, this is true even if the reviewing court disagrees with the outcome; provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity: if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509: if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement: if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform his/her past relevant work: if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work: if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v).

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Doc. No. 10-3 at 22-23).  Plaintiff objected to the Magistrate Judge's findings affirming the ALJ's fifth step determination on three specific grounds, namely that the Magistrate Judge improperly

4

concluded that the ALJ: (1) included the limiting effects of all impairments in his RFC determination; (2) made the required individualized determination whether obesity constituted a severe impairment, when, in fact, he had failed to do so; (3) considered Plaintiff's subjective complaints regarding her supposed pain and fatigue. (Doc. No. 17 at 2). The Court reviews these issues de novo.

      A.      <u>Whether the Magistrate Judge Properly Affirmed the ALJ's RFC Determination</u>

Plaintiff asserts that the Magistrate Judge improperly found that the ALJ included "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts." (Doc. No. 13 at 11). Plaintiff further argues that the ALJ's decision lacked both a function-by-function analysis of Plaintiff's RFC and an adequate assessment of the effects and limitations of sarcoidosis in the RFC finding. (Doc. No. 16 at 7). However, "the ALJ set forth the amount of weight Plaintiff could carry and lift, and how long she could sit, stand, and walk." (Doc. No. 15 at 4). Notably, the ALJ reached more restrictive conclusions about Plaintiff's abilities than the state agency consultant(s), and gave the claimant the benefit of the doubt in finding she would be limited to no more than light work activity. (<u>Id.</u>); <u>see also</u> (Doc. No. 10-3 at 22) (giving benefit of the doubt to claimant).

The ALJ appropriately assessed Plaintiff's sarcoidosis within his RFC determination. In response to treatment, the claimant experienced significant improvement in her sarcoid symptoms and "the medical evidence presented failed to support a finding that she was significantly limited in her ability to perform some type of work activity or activities of daily living." (Doc. No. 16 at 8). Thus, Plaintiff has failed to demonstrate that sarcoidosis imposes more severe restrictions on her RFC than what the ALJ found. (<u>Id.</u>).

5

B.     Whether the Magistrate Judge Properly Affirmed the ALJ's Obesity Evaluation

Plaintiff next contends that the Magistrate Judge improperly found that the ALJ sufficiently evaluated and discussed the effects of Plaintiff's obesity on her physical and mental limitations. (Doc. No. 13 at 15). However, Plaintiff never presented any evidence to demonstrate that her obesity constituted a severe impairment. (Doc. No. 15 at 8). Plaintiff's doctors never diagnosed her with obesity, nor did she allege obesity as a disabling condition in either her initial or appeal disability reports. See (Doc. No. 10-7 at 161) (lack of diagnosis and trial allegation); See (Id. at 200, 213) (lack of allegation on appeal). The ALJ correctly found that "Plaintiff failed to point to any evidence that established that obesity significantly limited her physical or mental ability to perform basic work." (Doc. No. 16 at 8-9).

C.     Whether the Magistrate Judge Properly Affirmed the ALJ's Evaluation of
       Plaintiff's Subjective Complaints

Plaintiff argues that the Magistrate Judge improperly found that the ALJ's assessment of her credibility is supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (quoting 20 C.F.R. §§ 416.929(b), 404.1529(b)). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work." (Id. at 595).

Here, it is again relevant that the ALJ came to a more generous decision with respect to

Plaintiff's position than that proposed by the state agency consultant. The agency medical consultant concluded that Plaintiff was fit for medium duty work, but based on Plaintiff's subjective complaints, the ALJ lowered the determination to only light duty work, which involves less than half the weight of medium duty work. (Doc. No. 16 at 9-10).

The ALJ then discussed Plaintiff's statements regarding the location of her pain, the effectiveness of her medication, her daily living activities, and her functional limitations. (Id. at 9). The ALJ rightly concluded "that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, however, her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent that they were inconsistent with her RFC for light work." (Id. at 10). Additionally, the record established that claimant reported significant improvement in her symptoms with medication. (Doc. No. 10-3 at 22).

Ultimately, as the credibility determination is wholly within the authority of the ALJ, and the ALJ stated the specific evidence that led to his conclusion, the decision is adequately supported by substantial evidence. (Doc. No. 16 at 11). The Magistrate Judge recognized this in his M&R to the Court; the Court now **ADOPTS** the M&R and **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 14).

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 16), is **ADOPTED;**

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **DENIED**;

7

3. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **GRANTED**.

4. The Clerk of Court is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge